**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division**

**Case Number: 9:22-cv-80282-AMC**

**TABITHA PARKER,**

        **Plaintiff,**

**v.**

**INTERACTIVE DATA, LLC,**

        **Defendant.**

_____/

**DEFENDANT INTERACTIVE DATA, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Interactive Data, LLC ("IDI"), by counsel, submits the following Answer to Plaintiff's Complaint. IDI denies all allegations in Plaintiff's Complaint that it does not explicitly admit. IDI answers as follows:

**PLAINTIFF'S PRELIMINARY STATEMENT**

1. IDI admits that Plaintiff purports to bring this action against IDI for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). IDI denies the remaining allegations in paragraph 1 of Plaintiff's Complaint, including the legal conclusion that IDI is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.

2. IDI denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. IDI denies the allegations in paragraph 3 of Plaintiff's Complaint.

4. IDI denies the allegations in paragraph 4 of Plaintiff's Complaint. The remaining allegations in paragraph 4 of Plaintiff's Complaint relating to the "rights afforded . . . under the FCRA" only contain legal conclusions. To the extent that those remaining allegations in paragraph 4 are contrary to law, they are denied.

5.      IDI denies the legal conclusions in paragraph 5 of Plaintiff's Complaint that it "issues consumer reports" and "must adhere to the FCRA's foundational mandate[.]"  The remaining allegations relating to the "FCRA's foundational mandate" only contain legal conclusions.  To the extent that those remaining allegations in paragraph 5 are contrary to law, they are denied.

6.      No answer is necessary to paragraph 6 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

7.      IDI admits that Plaintiff purports to bring this action against IDI for alleged violations of the FCRA.  IDI denies any alleged violation of the FCRA and otherwise denies any remaining allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits it is not a "consumer reporting agency" and does not sell "consumer reports" as those terms are defined under the FCRA.  The remaining allegations in paragraph 8 of Plaintiff's Complaint refer to a document, which speaks for itself.  To the extent that the allegations in paragraph 8 vary from the text of the document itself, they are denied.  IDI denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits it is not a "consumer reporting agency" and does not sell "consumer reports" as those terms are defined under the FCRA.  The remaining allegations in paragraph 9 of Plaintiff's Complaint refer to a document, which speaks for itself.  To the extent that the allegations in paragraph 9 vary from the text of the document itself, they are denied.  IDI denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10.     IDI denies it is a "consumer reporting agency" or sells "consumer reports" as those terms are defined under the FCRA or that it violated 15 U.S.C. § 1681g(a).  The remaining allegations in paragraph 10 of Plaintiff's Complaint only contain legal conclusions.  To the extent that those remaining allegations in paragraph 10 are contrary to law, they are denied.

11.     IDI denies that it is a "consumer reporting agency" or sells "consumer reports" as those terms are defined under the FCRA or that it violated 15 U.S.C. § 1681k.  The remaining

allegations in paragraph 11 of Plaintiff's Complaint only contain legal conclusions.  To the extent that those remaining allegations in paragraph 11 are contrary to law, they are denied.

12.    IDI denies that it is a "consumer reporting agency" or sells "consumer reports" as those terms are defined under the FCRA or that it violated 15 U.S.C. § 1681c(a)(2).  The remaining allegations in paragraph 12 of Plaintiff's Complaint only contain legal conclusions.  To the extent that those remaining allegations in paragraph 12 are contrary to law, they are denied.

13.    IDI denies it is a "consumer reporting agency" or sells "consumer reports" as those terms are defined under the FCRA or that that it violated 15 U.S.C. § 1681e(b).  The remaining allegations in paragraph 13 of Plaintiff's Complaint only contain legal conclusions.  To the extent that those remaining allegations in paragraph 13 are contrary to law, they are denied.

## PARTIES

14.    No answer is necessary to paragraph 14 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 14 are contrary to law, they are denied.

15.    IDI admits the allegations in paragraph 15 of Plaintiff's Complaint.

16.    IDI denies the legal conclusions in paragraph 16 of Plaintiff's Complaint.

17.    IDI admits that it lawfully obtains public record and other data from various sources, such as criminal and traffic records, social security number information, and sex offender registries.  The remaining allegation in paragraph 17 of Plaintiff's Complaint relating to whether those records "bear on consumers' character, general reputation, personal characteristics and mode of living" is a legal conclusion.  To the extent that the remaining allegation in paragraph 17 is contrary to law, it is denied.

18.    IDI admits that after acquiring public record and other data, IDI uses its proprietary technology to prepare reports for its credentialed business customers who are under written agreement expressly *prohibiting* them from using the reports, or information obtained therefrom, in whole or in part, as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.  IDI denies it

sold records to Osa Consulting that were used in connection with a "background check" relating to Plaintiff's employment and otherwise denies any remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     IDI denies that it provided any information or services to Osa Consulting or had any business or contractual relationship with Osa Consulting in August 2019; accordingly, there was no possibility for Osa Consulting to provide any information obtained from IDI (and thus the employer consider any such information) in August 2019 or that Osa Consulting otherwise could have used any information obtained from IDI as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.  IDI denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20.     IDI denies the allegations in paragraph 20 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

21.     No answer is necessary to paragraph 21 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 21 are contrary to law, they are denied.

22.     No answer is necessary to paragraph 22 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 22 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 22 of Plaintiff's Complaint, including the legal conclusion that it "sells consumer reports."

## PLAINTIFF'S FACTUAL ALLEGATIONS

23.     IDI denies it is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.  The remaining allegations in paragraph 23 of Plaintiff's Complaint relating to "marketing materials and contracts with third parties" refer to documents, which speak for themselves.  To the extent that the allegations in paragraph 23 vary from the text of the documents themselves or argue a purported intent by IDI to "avoid its obligations", they are denied.  IDI denies the remaining allegations in paragraph 23 of Plaintiff's Complaint.

24.     IDI denies it is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.  The remaining allegations in paragraph 24 of Plaintiff's Complaint refer to documents, which speak for themselves.  To the extent that the allegations in paragraph 24 vary from the text of the documents themselves, they are denied.  IDI denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25.     The allegations in paragraph 25 of Plaintiff's Complaint refer to a website, which speaks for itself.  To the extent that the allegations in paragraph 25 vary from the text of the website itself, they are denied.  IDI denies it is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.  IDI denies the remaining allegations in paragraph 25 of Plaintiff's Complaint.

26.     The allegations in paragraph 26 of Plaintiff's Complaint refer to a website, which speaks for itself.  To the extent that the allegations in paragraph 26 vary from the text of the website itself, they are denied.  IDI denies the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27.     The allegations in paragraph 27 of Plaintiff's Complaint refer to a website, which speaks for itself.  To the extent that the allegations in paragraph 27 vary from the text of the website itself or allege that IDI made some improper effort to "avoid liability", they are denied.  IDI denies it is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.  IDI denies the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28.     IDI denies the allegations in paragraph 28 of Plaintiff's Complaint.  IDI prepares reports for its credentialed business customers who are under written agreement expressly *prohibiting* them from using the reports, or information obtained therefrom, in whole or in part, as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.

29.     IDI denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. IDI admits it is not a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA. IDI denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. IDI admits it is not a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA. IDI further admits it takes numerous measures to prevent its reports from being misused as "consumer reports," as that term is defined under the FCRA. IDI denies the remaining allegations in paragraph 31 of Plaintiff's Complaint.

32. IDI admits it is not a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA. IDI also admits that its written agreements with its credentialed business customers expressly *prohibit* those customers from using IDI's reports or information obtained therefrom in whole or in part, as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA. The remaining allegations in paragraph 32 of Plaintiff's Complaint refer to documents, which speak for themselves. To the extent that the allegations in paragraph 32 vary from the text of the documents themselves, they are denied. IDI denies the remaining allegations in paragraph 32 of Plaintiff's Complaint.

33. No answer is necessary to the extent the allegations in paragraph 33 of Plaintiff's Complaint only contain legal conclusions. To the extent that the allegations in paragraph 33 are contrary to law, they are denied. IDI admits it is not a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA. IDI further admits it takes numerous measures to prevent its reports from being misused as "consumer reports," as that term is defined under the FCRA.

34. IDI denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. IDI denies that it provided any information or services to Osa Consulting or had any business or contractual relationship with Osa Consulting in August 2019; accordingly, there was no possibility for Osa Consulting to provide any information obtained from IDI (and thus the employer consider any such information) in August 2019 or that Osa Consulting otherwise could

have used any information obtained from IDI as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.  IDI denies the remaining allegations in paragraph 35 of Plaintiff's Complaint.

36.    IDI denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.    Defendant admits it is not a "consumer reporting agency" and does not sell "consumer reports" as those terms are defined under the FCRA.  IDI denies the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38.    No answer is necessary to paragraph 38 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 38 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 38 of Plaintiff's Complaint.

39.    No answer is necessary to paragraph 39 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 39 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 39 of Plaintiff's Complaint relating to IDI "supplying information about [consumers] that may negatively impact their job prospects."

40.    No answer is necessary to paragraph 40 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 40 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.    IDI denies that it provided any information or services to Osa Consulting or had any business or contractual relationship with Osa Consulting in August 2019; accordingly, there was no possibility for Osa Consulting to provide any information obtained from IDI (and thus the employer consider any such information) in August 2019 or that Osa Consulting otherwise could have used any information obtained from IDI as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.  IDI denies the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42.     IDI denies the allegations in paragraph 42 of Plaintiff's Complaint relating to whether Plaintiff was terminated from her job, as well as what Stellar may have relied upon as part of the alleged employment decision, for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.  IDI denies that it sold *any* of the data (a "significant portion" or otherwise) to Osa Consulting as part of the report Osa Consulting allegedly prepared for Stellar Partners.  IDI further denies that it provided any information or services to Osa Consulting or had any business or contractual relationship with Osa Consulting in August 2019; accordingly, there was no possibility for Osa Consulting to provide any information obtained from IDI (and thus the employer consider any such information) in August 2019 or that Osa Consulting otherwise could have used any information obtained from IDI as a factor in determining an individual's creditworthiness or eligibility for credit, insurance, employment, or for any other eligibility purpose under the FCRA.  IDI denies the remaining allegations in paragraph 42 of Plaintiff's Complaint.

43.     IDI denies the allegations in paragraph 43 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

44.     IDI denies the allegations in paragraph 44 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.  No answer is necessary to the remaining allegations in paragraph 44 of Plaintiff's Complaint because they only contain legal conclusions.  To the extent that the remaining allegations in paragraph 44 are contrary to law, they are denied.

45.     IDI denies the allegations in paragraph 45 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged. The remaining legal conclusions in paragraph 45 relating to the FCRA "requirements" only contain legal conclusions and require no response.  To the extent that those remaining legal conclusions in paragraph 45 are contrary to law, they are denied.

46.     IDI denies that it is a "consumer reporting agency" that sells "consumer reports", denies that it provided any information or services to Osa Consulting in August 2019, and denies

that it maintained any business or contractual relationship with Osa Consulting in August 2019. Therefore, IDI further denies that "[d]iscovery will confirm [IDI] supplied information to Osa, which Osa then repackaged and furnished to Stellar as part of Stellar's background-check process for applicants like Plaintiff."  IDI denies the remaining allegations in paragraph 46 of Plaintiff's Complaint.

47.    IDI denies that it has made any "misrepresentation," denies that it is a "consumer reporting agency" or sells "consumer reports", and denies that Osa could have repackaged or sold any report furnished by IDI to Stellar Partners in connection with Plaintiff's alleged employment given Osa did not obtain data or services from IDI, or maintain any business or contractual relationship with IDI in August 2019.  IDI denies the allegations in paragraph 47 of Plaintiff's Complaint relating to the actions taken by Stellar for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.  The remaining legal conclusions in paragraph 47 relating to the "notices required by the FCRA" only contain legal conclusions and require no response.  To the extent that those remaining allegations in paragraph 47 are contrary to law, they are denied.

48.    IDI denies the allegations in paragraph 48 of Plaintiff's Complaint and specifically denies that it provided any information or services to Osa Consulting in August 2019, and denies that it maintained any business or contractual relationship with Osa Consulting in August 2019. *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

49.    IDI denies the allegations in paragraph 49 of Plaintiff's Complaint.  *See* Exhibit A ("IDI services, including this report, may not be used in whole or in part as a factor in establishing an individual's eligibility for credit, insurance, employment nor for any other purpose under the FCRA.").

50.    To the extent that Plaintiff's allegation that "many of the entries in the [Osa] report" do not belong to Plaintiff, means that Plaintiff admits that at least *some* of the criminal violations

do belong to Plaintiff, IDI lacks sufficient knowledge or information to otherwise form a belief concerning the content or accuracy of Osa's report.  IDI denies that Osa Consulting's report to Stellar was in any way based upon any information or services from IDI (as IDI provided no information or services to Osa Consulting in August 2019) and denies the remaining allegations in paragraph 50 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

51.    IDI lacks knowledge or information sufficient to form a belief regarding the contents of Osa's report or the accuracy of Osa's report.  IDI denies the remaining allegations in paragraph 51 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

52.    IDI lacks knowledge or information sufficient to form a belief regarding the contents of Osa's report or the accuracy of Osa's report.  IDI denies the remaining allegations in paragraph 52 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

53.    IDI lacks knowledge or information sufficient to form a belief regarding the contents of Osa's report or the accuracy of Osa's report, or what Stellar Partners may have relied upon as part of the alleged employment decision.  IDI denies the remaining allegations in paragraph 53 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

54.    IDI denies that it sold a "consumer report" to Osa and denies that any alleged conduct of IDI caused or contributed to Plaintiff being "left jobless and humiliated".  IDI lacks knowledge or information sufficient to form a belief regarding what Stellar Partners may have

relied upon as part of the alleged employment decision as well as Plaintiff's alleged emotions and/or mental state.  IDI denies all remaining allegations in paragraph 54 of Plaintiff's Complaint.

55.     IDI denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     IDI denies the allegations in paragraph 56 of Plaintiff's Complaint and specifically denies that it provided any information or services to Osa Consulting in August 2019, denies that it had any business or contractual relationship with Osa Consulting in August 2019, and denies that an idiCORE report was sold to Osa or "repackaged" by Osa for sale to Stellar Partners in August 2019.  IDI also denies that Plaintiff ever "learned" that Osa purchased any report from IDI in August 2019.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

57.     IDI denies the allegations in paragraph 57 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

58.     IDI denies the allegations in paragraph 58 of Plaintiff's Complaint.  *See* Exhibit A (first page of *September 2, 2020* report prepared by IDI for Osa Consulting Group LLC and produced to Plaintiff's counsel by Osa in *Parker v. Stellar Partners, Inc., et al.*, No. 8:20-cv-00292 (M.D. Fl.)).

59.     IDI denies it is a "consumer reporting agency" that sells "consumer reports" as those terms are defined under the FCRA.  IDI denies the remaining allegations in paragraph 59 of Plaintiff's Complaint.

60.     The allegations in paragraph 60 of Plaintiff's Complaint refer to a document, which speaks for itself.  To the extent that the allegations in paragraph 60 vary from the text of the document itself, they are denied.  IDI denies the remaining allegations in paragraph 60 of Plaintiff's Complaint.

61.     The allegations in paragraph 61 of Plaintiff's Complaint refer to a document, which speaks for itself.  To the extent that the allegations in paragraph 61 vary from the text of the document itself, they are denied.  IDI denies the remaining allegations in paragraph 61 of Plaintiff's Complaint.

62.     IDI admits that Plaintiff purports to bring a claim against IDI for an alleged violation of 15 U.S.C. § 1681g.  IDI denies the remaining allegations in paragraph 62 of Plaintiff's Complaint.

63.     IDI admits that Plaintiff purports to bring a claim against IDI for an alleged violation of 15 U.S.C. § 1681k(a).  IDI denies the remaining allegations in paragraph 63 of Plaintiff's Complaint.

64.     No answer is necessary to paragraph 64 of Plaintiff's Complaint to the extent it contains legal conclusions.  To the extent that the allegations in paragraph 64 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 64 of Plaintiff's Complaint.

65.     IDI admits that Plaintiff purports to bring a claim against IDI for an alleged violation of 15 U.S.C. § 1681c(a)(2).  IDI denies the remaining allegations in paragraph 65 of Plaintiff's Complaint.

66.     IDI admits that Plaintiff purports to bring a claim against IDI for an alleged violation of 15 U.S.C. § 1681e(b).  IDI denies the remaining allegations in paragraph 66 of Plaintiff's Complaint.

67.     IDI admits that Plaintiff purports to bring a claim against IDI for an alleged violation of 15 U.S.C. § 1681e(b).  IDI denies the remaining allegations in paragraph 67 of Plaintiff's Complaint .

68.     No answer is necessary to paragraph 68 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 68 are contrary to law, they are denied.

69.     No answer is necessary to paragraph 69 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 69 are contrary to law, they are denied.

70.     No answer is necessary to paragraph 70 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 70 are contrary to law, they are denied.

71.     IDI denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.     IDI denies the allegations in paragraph 72 of Plaintiff's Complaint.

73.     IDI denies the allegations in paragraph 73 of Plaintiff's Complaint.

74.     IDI denies the allegations in paragraph 74 of Plaintiff's Complaint.

75.     IDI denies the allegations in paragraph 75 of Plaintiff's Complaint.

76.     IDI denies the allegations in paragraph 76 of Plaintiff's Complaint.

77.     IDI denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.     IDI denies the allegations in paragraph 78 of Plaintiff's Complaint.

79.     IDI denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.     No answer is necessary to paragraph 80 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 80 are contrary to law, they are denied.  IDI denies the remaining allegations in paragraph 80 of Plaintiff's Complaint.

**PUTATIVE CLASS ALLEGATIONS**

81.     IDI admits that Plaintiff purports to bring this action on behalf of a putative class. IDI further admits that Plaintiff purports to define the class as stated in paragraphs 82, 83 and 84 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action as defined in paragraphs 82, 83, 84 or otherwise.  IDI denies the remaining allegations in paragraph 81 of Plaintiff's Complaint.

82.     IDI admits that Plaintiff purports to bring this claim on behalf of a putative class. IDI further admits that Plaintiff purports to define the class as stated in paragraph 82 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action as

defined in paragraph 82 or otherwise.  IDI denies the remaining allegations in paragraph 82 of Plaintiff's Complaint.

83.     IDI admits that Plaintiff purports to bring this claim on behalf of a putative class. IDI further admits that Plaintiff purports to define the class as stated in paragraph 83 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action as defined in paragraph 83 or otherwise.  IDI denies the remaining allegations in paragraph 83 of Plaintiff's Complaint.

84.     IDI admits that Plaintiff purports to bring this claim on behalf of a putative class. IDI further admits that Plaintiff purports to define the class as stated in paragraph 84 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action as defined in paragraph 84 or otherwise.  IDI denies the remaining allegations in paragraph 84 of Plaintiff's Complaint.

85.     No answer is necessary to paragraph 85 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 85 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 85 of Plaintiff's Complaint.

86.     No answer is necessary to paragraph 86 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 86 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 86 of Plaintiff's Complaint.

87.     No answer is necessary to paragraph 87 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 87 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 87 of Plaintiff's Complaint.

88.     No answer is necessary to paragraph 88 of Plaintiff's Complaint, including subparts (a)-(g), because they only contain legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 88 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 88 of Plaintiff's Complaint.

89.     No answer is necessary to paragraph 89 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 89 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 89 of Plaintiff's Complaint.

90.     No answer is necessary to paragraph 90 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 90 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 90 of Plaintiff's Complaint.

91.     No answer is necessary to paragraph 91 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 91 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 91 of Plaintiff's Complaint.

92.     No answer is necessary to paragraph 92 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 92 of Plaintiff's Complaint.  IDI denies that this matter may be properly maintained against it as a class action and denies the remaining allegations in paragraph 92 of Plaintiff's Complaint.

**CLAIM ONE**
**Alleged Violation of 15 U.S.C. § 1681g(a)**

93.     IDI incorporates its responses and denials to paragraphs 1 through 92 of Plaintiff's Complaint as if fully restated.

94.     No answer is necessary to paragraph 94 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.     No answer is necessary to paragraph 95 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent a response is required, IDI denies the allegations in paragraph 95 of Plaintiff's Complaint.  IDI denies the remaining allegations in paragraph 95 of Plaintiff's Complaint.

96.     IDI denies the allegations in paragraph 96 of Plaintiff's Complaint.

97.     IDI denies the allegations in paragraph 97 of Plaintiff's Complaint.

98.     IDI denies the allegations in paragraph 98 of Plaintiff's Complaint.

99.     IDI denies the allegations in paragraph 99 of Plaintiff's Complaint.

100.    IDI denies the allegations in paragraph 100 of Plaintiff's Complaint.

101.    IDI denies the allegations in paragraph 101 of Plaintiff's Complaint.

102.    IDI denies the allegations in paragraph 102 of Plaintiff's Complaint.

103.     No answer is necessary to the allegation in paragraph 103 of Plaintiff's Complaint relating to the "significan[ce]" of a full disclosure because it only contains legal conclusions.  To the extent that the allegation in paragraph 103 is contrary to law, it is denied.  IDI denies the remaining allegations in paragraph 103 of Plaintiff's Complaint.

104.     IDI denies the allegations in paragraph 104 of Plaintiff's Complaint.

105.    IDI denies the allegations in paragraph 105 of Plaintiff's Complaint.

106.    IDI denies the allegations in paragraph 106 of Plaintiff's Complaint.

**CLAIM TWO**
**Alleged Violation of 15 U.S.C. § 1681k(a)(1)**

107.     IDI incorporates its responses and denials to paragraphs 1 through 106 of Plaintiff's Complaint as if fully restated.

108.     IDI denies the allegations in paragraph 108 of Plaintiff's Complaint.

109.     IDI denies the allegations in paragraph 109 of Plaintiff's Complaint.

110.     IDI denies the allegations in paragraph 110 of Plaintiff's Complaint.

111.     IDI denies the allegations in paragraph 111 of Plaintiff's Complaint.

112.     IDI denies the allegations in paragraph 112 of Plaintiff's Complaint.

113.     IDI denies the allegations in paragraph 113 of Plaintiff's Complaint.

114.     IDI denies the allegations in paragraph 114 of Plaintiff's Complaint.

115.     IDI denies the allegations in paragraph 115 of Plaintiff's Complaint.

**CLAIM THREE**
**Alleged Violation of 15 U.S.C. § 1681c(a)**

116.     IDI incorporates its responses and denials to paragraphs 1 through 115 of Plaintiff's Complaint as if fully restated.

117.     IDI denies the allegations in paragraph 117 of Plaintiff's Complaint.

118.     IDI denies the allegations in paragraph 118 of Plaintiff's Complaint.

119.     IDI denies the allegations in paragraph 119 of Plaintiff's Complaint.

120.     IDI denies the allegations in paragraph 120 of Plaintiff's Complaint.

121.     IDI denies the allegations in paragraph 121 of Plaintiff's Complaint.

122.     IDI denies the allegations in paragraph 122 of Plaintiff's Complaint.

123.     IDI denies the allegations in paragraph 123 of Plaintiff's Complaint.

124.     IDI denies the allegations in paragraph 124 of Plaintiff's Complaint.

**CLAIM FOUR**
**Alleged Violation of 15 U.S.C. § 1681e(b)**

125.     IDI incorporates its responses and denials to paragraphs 1 through 124 of Plaintiff's Complaint as if fully restated.

126. IDI denies the allegations in paragraph 126 of Plaintiff's Complaint.

127. IDI denies the allegations in paragraph 127 of Plaintiff's Complaint.

128. IDI denies the allegations in paragraph 128 of Plaintiff's Complaint.

129. IDI denies the allegations in paragraph 129 of Plaintiff's Complaint.

130. IDI denies the allegations in paragraph 130 of Plaintiff's Complaint.

131. IDI denies the allegations in paragraph 131 of Plaintiff's Complaint.

132. IDI denies the allegations in paragraph 132 of Plaintiff's Complaint.

133. IDI denies the allegations in paragraph 133 of Plaintiff's Complaint.

134. IDI denies the allegations in paragraph 134 of Plaintiff's Complaint.

IDI denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in the Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that IDI bears the burden of proof as to any of them, IDI asserts the following additional defenses.  IDI intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the FCRA.

### THIRD ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against IDI, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  IDI is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by IDI, and those third parties were the sole cause of any such damages.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

### NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

## TENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred as matters of law to the extent that the report at issue in the Complaint is not a "consumer report" and IDI is not a "consumer reporting agency," as those terms are defined under the FCRA.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff and the putative class members cannot recover from IDI as a class action to the extent to which such class recovery would deprive IDI of its due process rights to assert individualized defenses to claims of class members.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff cannot recover from IDI individually or as a class action for punitive damages to the extent any award of punitive damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

## THIRTEENTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claim is not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative classes do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and

adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

## **FOURTEENTH ADDITIONAL DEFENSE**

IDI reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, IDI requests this Court to enter a judgment:

1.     denying Plaintiff any and all relief in this case;

2.     dismissing Plaintiff's claims in their entirety;

3.     dismissing this case with prejudice;

4.     awarding IDI its costs and attorneys' fees incurred in this case; and

5.     granting IDI all other remedies that the Court deems just and proper.


Dated:  May 9, 2022                    **INTERACTIVE DATA, LLC**

                    _____/s/ Gillian D. Williston_____
                    Gillian D. Williston (Florida Bar No.: 14270)
                    TROUTMAN PEPPER HAMILTON SANDERS LLP
                    222 Central Park Avenue, Suite 2000
                    Virginia Beach, Virginia 23462
                    Telephone: (757) 687-7500
                    Facsimile: (757) 687-7510
                    Email: gillian.williston@troutman.com

                    *Counsel for Defendant Interactive Data, LLC*

126004410